IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL NO. 22- |
| --- | --- | --- |
| v. | : | |
| JOHN WILLIAMS | : | VIOLATIONS: |
| | | 18 U.S.C. § 1343 (wire fraud – 2 counts) |
| | : | Notice of forfeiture |

### INFORMATION

### COUNTS ONE AND TWO

**THE UNITED STATES ATTORNEY CHARGES THAT:**

**Background**

1. From approximately 2000 to 2020, the defendant JOHN WILLIAMS was an employee of Company #1, which provides heating, ventilation, and air conditioning ("HVAC") servicing and repair.

2. In approximately January 2003, Company #1 promoted defendant JOHN WILLIAMS to a quality management position, and at some time thereafter provided defendant WILLIAMS with a Citibank corporate credit card. The credit card was to be used for valid work-related expenses.

3. The credit card was linked to a software program. The program required the CCS employee ("user") to create a new expense form for each expense. The user was required to upload a receipt for any item above $25. The user would then electronically route the expense form and the receipt to the user's supervisor for approval. Once the supervisor approved the expense, Company #1 would issue payment for the approved amount to the user's Citibank corporate credit card.

4. An employee could also obtain reimbursement for items purchased with the employee's own funds, by submitting an expense report and uploading the corresponding invoice for the expense. Once the employer's supervisor approved the expense, Company #1 would cause payment to be made directly to the employee's personal bank account for the expense.

## THE SCHEME

5. From approximately in or about 2004 through approximately in or about May 2020, defendant

## JOHN WILLIAMS

devised and intended to devise a scheme to defraud his employer, Company #1, and to obtain money and property by means of false and fraudulent pretenses, representations and promises.

## MANNER AND MEANS

It was part of the scheme that:

6. Defendant JOHN WILLIAMS used his corporate credit card for personal expenditures including, for example, charges he incurred at restaurants, convenience stores, building and supply stores, and occasionally, at hotels and on airlines.

7. Defendant JOHN WILLIAMS created false invoices from two of Company #1's established vendors for items he claimed to have purchased with the corporate credit card, and then electronically submitted the false invoices, along with expense reports for the purported purchases, to Company #1 for reimbursement to his corporate credit card.

8. By creating false invoices for non-existent purchases that he claimed to have made on his corporate credit card, and uploading those false invoices with a corresponding expense report, defendant JOHN WILLIAMS caused his employer, Company #1, to generate

payments to Citibank for the amounts on the false invoices, which amounts essentially covered defendant WILLIAMS's personal charges on his corporate credit card.

9. Defendant JOHN WILLIAMS also submitted forged invoices purportedly from Company #1's established vendors for items (parts and supplies) that defendant WILLIAMS claimed to have purchased himself for his work at CCS.

10. By creating false invoices for non-existent purchases that he claimed to have made from his personal funds, and uploading those false invoices with corresponding expense reports, defendant JOHN WILLIAMS caused his employer, Company #1, to electronically deposit funds in the amounts on the false invoices directly into defendant WILLIAMS's personal bank account.

11. Defendant JOHN WILLIAMS submitted his false invoices and expense reports through Company #1's expense report software, from defendant WILLIAMS's home in Douglasville, PA, or from Company #1's main office in Plymouth Meeting, PA. From there, defendant WILLIAM's documents were electronically routed through a server in Connecticut and on to WILLIAMS's supervisor, who approved the expenses from his home in New Jersey or from a CCS office in New Jersey.

12. In total, as a result of his forged invoices, defendant JOHN WILLIAMS obtained reimbursement for personal expenses charged to his corporate credit card, as well as funds electronically deposited directly into his personal bank account, totaling at least approximately $400,000.

13. On or about each of the dates set forth below, in the Eastern District of Pennsylvania, and elsewhere, defendant

**JOHN WILLIAMS,**

for the purpose of executing the scheme described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| 1 | April 24, 2018 | Defendant WILLIAMS uploaded to Company #1's expense report software a forged invoice dated April 3, 2018, purportedly from Vendor #1, for $3,852.27, in support of defendant WILLIAMS's claimed purchase of two Marathon Motors, Model 256TTFNA16070, which forged invoice was transmitted by wire communication to defendant WILLIAM's supervisor and, on April 24, 2018, caused Company #1 to make a payment in the amount of $3,852.27 to defendant WILLIAMS's corporate credit card. |
| 2 | October 25, 2019 | Defendant WILLIAMS uploaded to Company #1's expense report software a forged invoice dated October 19, 2019, purportedly from Vendor #1, for $2,811.96, in support of defendant WILLIAMS's claimed purchase of a Marathon Motor Model 286TSTFC6036 and a 30 HP 230/460VAC 1780 RPM 3 PH 286T frame, which forged invoice was transmitted by wire communication to defendant WILLIAM's supervisor and. on October 25, 2019, caused Company #1 to make payment in the amount of $2,811.96 to defendant WILLIAMS's personal bank account. |

All in violation of Title 18, United States Code, Section 1343.

## **NOTICE OF FORFEITURE**

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1. As a result of the violation of Title 18, United States Code, Section 1343, set forth in this information, defendant

**JOHN WILLIAMS**

shall forfeit to the United States of America any property that constitutes, or is derived from, proceeds obtained directly or indirectly from the commission of such violations including, but not limited to, the sum of $400,000.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant(s):

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

**A TRUE BILL:**

*Ronald Sarachan for*
_____
**United States Attorney**

No. _ _ _ _ _ _ _ _ _

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

<u>Criminal Division</u>

THE UNITED STATES OF AMERICA

v.

JOHN WILLIAMS

INFORMATION

Counts
18 U.S.C. § 1343 (wire fraud – 2 counts)
Notice of forfeiture

A true bill.

_____
Foreman

Filed in open court this _____ day,
Of _____ A.D. 20____

_____
Clerk

Bail, $_____