IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. 22-84 |
| JOHN WILLIAMS | : | |

**POST-JUDGMENT STIPULATION REGARDING RESTITUTION**

IT IS HEREBY STIPULATED and agreed to between the United States of America, by its attorneys, and the defendant, John Williams, by his attorney, Catherine C. Henry, Assistant Federal Defender, as follows:

BACKGROUND

WHEREAS, on March 8, 2022, the United States Attorney for this district filed an information charging the defendant, John Williams, with two counts of wire fraud, in violation of 18 U.S.C. § 1343. On June 7, 2022, the defendant pleaded guilty to the information pursuant to a Guilty Plea Agreement with the government; and

WHEREAS, on March 2, 2023, the Court sentenced the defendant to a total of five years of probation and to pay $400,000 in restitution and a $200 special assessment. The defendant currently remains under supervision with the United States Probation Office for this district; and

WHEREAS, the judgment in this case provides that restitution is due immediately and requires the defendant to pay restitution at the minimum rate of $3,000 per month, beginning 30 days after judgment; and

WHEREAS, although the defendant paid the special assessment and has made partial payments toward restitution, he has not fully complied with the requirement to pay $3,000 per month for restitution. The current balance owed for restitution is $396,700; and

WHEREAS, to enforce restitution, on July 14, 2023, the Court granted the government's application and issued a Writ of Garnishment against the defendant's interest in a retirement savings account held at RTX. This account has an approximate value of $154,000. The garnishment proceeding is outstanding and the Court has not entered a final garnishment order for this property; and

WHEREAS, on November 8, 2023, the government filed a motion pursuant to 18 U.S.C. § 3613A to consider the defendant's default with the payment of restitution. The Court has scheduled a hearing to consider the motion for May 31, 2024; and

WHEREAS, the defendant has expressed an interest in resolving the payment of restitution and the pending garnishment and motion. After consulting with his attorney and the assigned United States Probation Officer regarding this matter, the defendant has agreed to pay restitution on the terms and conditions set forth below in this Stipulation.

### AGREEMENT

NOW, THEREFORE, the parties, intending to be legally bound, stipulate and agree as follows:

1. Within ten days of approval of this Stipulation, the defendant will voluntarily liquidate the entire amount of his interest in his RTX retirement savings account as payment for restitution owed in this case. The defendant will pay over to the Clerk of Court all proceeds from the liquidation of the account, less any tax or penalty for early withdrawal and any amount required to be withheld for income tax purposes.

2. The defendant will direct RTX, its plan manager or its financial institution, to forward the payment listed in paragraph one, above, by check payable to the "Clerk, U.S. District Court," to the Clerk, United States District Court, Attn: Financial Manager, 2609 U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106-1797. The payment also should reference the case name and number referenced above. The defendant may arrange with the Clerk of Court to remit this payment by electronic funds transfer.

3. The defendant will fully cooperate with RTX, its plan administrator or financial institution, regarding the liquidation of his retirement savings account. The defendant will execute all documents necessary to liquidate the account and pay over the account proceeds pursuant to this Stipulation. The defendant also will not assist any person with contesting or objecting to the liquidation of this account or the garnishment of the account.

4. Upon approval of this Stipulation, the government will withdraw the Writ of Garnishment issued in this matter. The government also will withdraw as moot its motion under 18 U.S.C. § 3613A for a hearing to consider default in the payment of restitution.

5. Effective immediately, the defendant will pay restitution in the amount of $500 per month. The defendant shall forward all payments beginning on or before the first day of the month following approval of this Stipulation by the Court, and on or before the first day of each month thereafter. The defendant will remit all payments to the Clerk of Court in the manner set forth in paragraph two, above.

6. The government may periodically request the defendant to complete a financial statement and provide financial records to verify his financial resources and ability to pay restitution as ordered.

7. The defendant will immediately report in writing to the Court, his assigned probation officer, and the United States Attorney's Office (Attn: Financial Litigation Unit), 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106-4476, any material changes in his financial condition that affects his ability to pay restitution.

8. If the defendant becomes in default under this Stipulation, the government reserves its right to collect restitution against the defendant and his property in any manner provided under applicable federal or state law. Under this Stipulation, "default" means failing to pay restitution due under the terms of this agreement; making any material misrepresentation concerning the defendant's current financial resources, assets, income, and expenses; failing to disclose ownership in or the transfer of property; or failing to report a material change in financial circumstances to the Court or U.S. Attorney's Office.

9. In addition to the regular payments provided under this Stipulation, the defendant agrees that the government may submit the restitution judgment to the

U.S. Treasury Department for inclusion in the Treasury Offset Program (TOP). Under this program, any federal payment normally received by the defendant may be offset and applied to the debt. The government further reserves the right to secure the payment of restitution at any time by filing a Notice of Lien against the defendant or any property.

10. This Stipulation represents the entire terms of the agreement between the parties and it cannot be amended or modified unless in writing by mutual agreement.

FOR THE PARTIES:

JACQUELINE C. ROMERO
United States Attorney

JOSEPH MINNI
Digitally signed by JOSEPH MINNI
Date: 2024.05.20 10:05:35 -04'00'

_____     5/20/24
JOSEPH F. MINNI                 Date
Assistant United States Attorney

*Catherine Henry*

_____     5/20/24
CATHERINE C. HENRY              Date
Assistant Federal Defender
Counsel for Defendant

_____     5/19/24
JOHN WILLIAMS                   Date
Defendant

APPROVED BY THE COURT THIS  20th  DAY OF _____May_____, 2024.

/s/ Jeffrey L. Schmehl
_____
HONORABLE JEFFREY L. SCHMEHL
United States District Judge